```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

```
_____
                             :
WANDA HOUSTON,               :
                             :
          Plaintiff,         :    Civil No. 06-2296 (RBK)
                             :
     v.                      :    OPINION
                             :
COUNTY OF BURLINGTON, et al.,:
                             :
          Defendants.        :
_____:
```

This matter comes before this Court upon its own motion pursuant to Federal Rule of Civil Procedure 12(h)(3). For the reasons set forth below, the above-captioned Complaint shall be dismissed for lack of subject matter jurisdiction and for Plaintiff Wanda Houston's ("Plaintiff") failure to comply with this Court's Order of June 16, 2006.

I.  **Background and Analysis**

Plaintiff filed an Amended Complaint on June 9, 2006, against Defendants County of Burlington, et al. ("Defendants"), invoking 28 U.S.C. § 1331 in support of federal subject matter jurisdiction over this civil action. The Complaint alleges, in brief, that Plaintiff, a Corrections Officer at the Burlington County Detention and Corrections Facilities, was infected with Methicillin-Resistant Staphylococcus Aureus during the course of her employment, allegedly due to Defendants' "grossly negligent

1

and reckless and intentional failure" to warn Plaintiff of the possibility of infection. (Am. Compl. ¶ 4 at 4.) Plaintiff alleges federal subject matter jurisdiction on the grounds that "[t]his action is brought pursuant to the Civil Rights Laws of the United States of America, USCA Title 42 § 1983 et seq. and related statutory and constitutional provisions." (Am. Compl. ¶ 1.)

This Court issued an Order on June 16, 2006, determining that Plaintiff's Amended Complaint did not set forth a claim under 42 U.S.C. § 1983 or any other valid grounds for jurisdiction. In particular, the Court noted that while § 1983 provides a cause of action against a state for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," 42 U.S.C. § 1983, Plaintiff's Amended Complaint did not allege any such deprivation of Constitutional rights, privileges, or immunities.

The Court granted Plaintiff leave to file a Second Amended Complaint properly alleging grounds for subject matter jurisdiction on or before June 30, 2006; however, as of the date of this Opinion, Plaintiff has failed to file a Second Amended Complaint.

Accordingly, because the Amended Complaint sets forth no valid grounds for subject matter jurisdiction over the above-captioned case and because Plaintiff has failed to comply with

this Court's June 16, 2006, Order, the above-captioned case shall be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3).

Dated: July 21, 2006         S/Robert B. Kugler
                             ROBERT B. KUGLER
                             United States District Judge