(Docket Entry No. 22)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

WANDA HOUSTON,                          :
                                        :
           Plaintiff,                  :   Civil No. 06-2296 (RBK)
                                        :
           v.                          :   **OPINION**
                                        :
COUNTY OF BURLINGTON, et al.,           :
                                        :
           Defendants.                 :
_____

      This matter comes before this Court on the motion of Defendant Dr. Nathaniel Evans ("Defendant Evans") for summary judgment against Plaintiff Wanda Houston ("Plaintiff"). For the reasons that follow, summary judgment will be granted to Defendant Evans on Plaintiff's constitutional claims, and Plaintiff's state law claims will be dismissed.

**I.    BACKGROUND**

      Plaintiff is employed as a Corrections Officer at the Burlington County Detention and Corrections Facility ("the jail"). In the course of her employment as a Corrections Officer, Plaintiff contracted Methicillin-Resistant Staphylococcus Aureus ("MRSA"), an antibiotic-resistant bacterial infection. The record contains no evidence regarding how Plaintiff contracted MRSA, how the infection manifested itself, or whether Plaintiff had or has any acute or chronic health problems as a result of the infection. Plaintiff alleges that she has endured great pain, physical and emotional suffering and distress, continuing medical treatment, and loss of wages

1

and earning power.

Plaintiff filed a Complaint on June 9, 2006, against Defendants the County of Burlington, Juel Cole, Philip Haines, Robert Gogats, Augustus Mosca ("County Defendants"), and Defendant Evans, the Medical Director at the jail. She alleges that the County Defendants and Defendant Evans failed to warn her of possible exposure to MRSA at the jail. Plaintiff asserts a variety of tort claims, including failure to warn of the risk, intentional misrepresentation of the exposure, and failure to provide medical care. This Court, after notice and an opportunity to respond, dismissed the Complaint for failure to properly allege subject matter jurisdiction. (See Docket Entry Nos. 3, 6, 7.) Plaintiff successfully moved to vacate the dismissal of her Complaint, alleging federal subject matter jurisdiction exists because Defendants violated her constitutional rights, "specifically by exhibiting deliberate indifference" to those rights. (See Docket Entry Nos. 8, 14.)

Defendant Evans now moves for summary judgment on Plaintiff's Complaint.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the evidence presented by the parties, the Court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. <u>Celotex</u>, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. <u>Id.</u> at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

## III.   DISCUSSION

Defendant Evans first argues that he did not violate Plaintiff's constitutional rights because he did not behave in a way that would shock the conscience or establish deliberate indifference. Defendant Evans additionally contends that summary judgment is appropriate because Plaintiff failed to file an Affidavit of Merit pursuant to N.J.S.A. § 2A:53A setting forth a deviation from the professional standard of care. Plaintiff responds by arguing that problems with discovery prevent her from responding on the merits.

As an initial matter, the Court will not consider Plaintiff's argument regarding the need for additional discovery. If Plaintiff believed Defendants' motions to be premature, Rule 56(f) afforded the appropriate remedy, permitting her to file an affidavit to with the Court explaining

what information was required and why the missing information would be necessary to adequately oppose the motion. Fed. R. Civ. P. 56(f). Where an affidavit indicates that the party cannot "present by affidavit facts essential to justify the party's opposition," Rule 56(f) authorizes the Court to "refuse the application for judgment" or "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." Fed. R. Civ. P. 56(f). Though Plaintiff's attorney argues in his letter brief that defense counsel has cancelled depositions and impaired his ability to conduct discovery, no affidavit explaining why these depositions would provide facts essential to justify an opposition has been provided. Plaintiff's arguments relating to discovery are therefore without merit.

Plaintiff does not provide a statement of undisputed material facts as required by Local Civil Rule 56.1. Where the nonmoving party does not submit undisputed facts in opposition, "it is entirely appropriate for this court to treat all facts properly supported by the movant to be uncontroverted." Talbot v. United States, 2005 WL 2917463, *2 (D.N.J. 2005) (quoting Allebach v. Sherrer, No. 04-287, 2005 WL 1793726, at *2 (D.N.J. 2005)). Plaintiff also does not respond to Defendant Evans's contention that he did not engage in any conduct in violation of Plaintiff's constitutional rights. The Court will not grant summary judgment on the basis of Plaintiffs' silence alone but will instead determine whether summary judgment is appropriate. Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). The Court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Id.

The Court concludes that Plaintiff's constitutional claims are without merit. The Due Process clause does not require that a government provide its employees with a safe working

environment.  Collins v. City of Harker Heights, Tex., 503 U.S. 115, 126 (1992).  Nor is a government's "alleged failure to train its employees, or to warn them about known risks of harm. . . an omission that can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense."  Id. at 128.  Such claims cannot establish a constitutional violation.

   Plaintiff's allegations are similar to those of the plaintiffs in Kaucher v. County of Bucks, 455 F.3d 418 (3d Cir. 2006).  In that case, the plaintiffs were an employee of the Bucks County Correctional Facility and his spouse; both contracted MRSA from the employee's exposure to infected inmates.  Id. at 422.  The plaintiffs claimed that County failed to provide minimum levels of workplace safety, engaged in conscience-shocking conduct that created dangerous conditions, and misrepresented the risk of infection.  The Third Circuit upheld the decision of the district judge granting summary judgment to the defendants, noting that though the plaintiffs tried to frame their claims as affirmative misconduct, they essentially alleged that "defendants failed to provide a safe working environment at the jail, free from risk of infection," a claim necessarily foreclosed by Collins.  Kaucher, 455 F.3d at 424.

   Even if Plaintiff's claims are read to allege intentional deliberate indifference and affirmative misrepresentations, similar to the claims of the plaintiff in Kaucher, they still fail to state a constitutional violation.  There is evidence that corrections officers at the jail were instructed on universal infection precautions, gloves were used, and inmates with open wounds were segregated, bandaged, and treated presumptively for MRSA with antibiotics while cultures were pending.  (Def.'s Ex. C at 2.)  Though Plaintiff has alleged that Defendant Evans's failure to warn her about MRSA exposure was intentional or deliberately indifferent, she has put forth no evidence of any intentional disregard for her safety or well-being or knowledge of the risk and

failure to take action as a result. As in Kaucher, Plaintiff has not shown "conduct that rises to a level of deliberate indifference that could be characterized as conscience shocking." Kaucher, 455 F.3d at 431. Summary judgment is granted to Defendant Evans on Plaintiff's constitutional claims.

Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. The Court of Appeals for the Third Circuit has held that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). None of those considerations weigh in favor of the exercise of supplemental jurisdiction here, and the Court therefore does not reach Defendant Evans's arguments regarding the need for an affidavit of merit. Plaintiff's state law claims are dismissed.

## IV.     CONCLUSION

Summary judgment is granted to Defendant Evans on Plaintiff's constitutional claims. Plaintiff's state law claims against Defendant Evans are dismissed. An accompanying order will issue today.


Dated: 7-30-08                                /s/ Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge